UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN KLEIN,

                        Plaintiff,

-against-                                       20-CV-9319 (PMH)

SHLOMO KOENIG, SECRET POLICE CHIEF      ORDER OF DISMISSAL
(aka MODESTY SQUAD), et al.,

                        Defendants.

PHILIP M. HALPERN, United States District Judge:

        Plaintiff Benjamin Klein brings this *pro se* action, for which the filing fees have been paid, alleging that Defendants violated his constitutional rights. For the reasons stated below, the Court dismisses the complaint with leave to replead within thirty days of the date of this order.

## STANDARD OF REVIEW

        The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the court "has the power to dismiss a complaint sua sponte for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n. 11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam); *see also Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n. 3. The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

Plaintiff's 19-page complaint fails to comply with Rule 8. The Court has closely scrutinized Plaintiff's complaint, and despite the information that Plaintiff presents, the Court is unable to understand what claims Plaintiff is trying to assert. The Court therefore dismisses the complaint for failure to state a claim. Even if Plaintiff's complaint does state any valid claims, the complaint suffers from other deficiencies.

A.     **RICO Claim**

Plaintiff's assertion that he brings claims under the civil provision of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961(c) fails to state a claim because he does not allege that Defendants acted as an enterprise or engaged in any racketeering activity. It also appears that Plaintiff's claims may be untimely. Additionally, many of the Defendants that Plaintiff names are private parties, and Plaintiff cannot bring federal claims against private parties To state a civil RICO claim, Plaintiff must plead that he was injured by "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The complaint does not suggest that any such activity took place. Accordingly, the Court dismisses Plaintiff's RICO claims for failure to state a claim.

Plaintiff also cannot initiate the arrest and prosecution of any individual or entity in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

B.     **Claims Under 42 U.S.C. § 1983 and Private Parties**

Because Plaintiff asserts claims that Defendants violated his constitutional rights, his claims are construed as claims under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff's claims against the private parties must also be dismissed. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute,

3

ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Yitzchok Dov (Isaac, George) Fisch, Rabbi Gabriel Stern, Zalman Dov Klein, Malky Fisch, Dina Klein, Aryeh Gutman, Schlomo Gutman, Aaron Eagle, Jacob (Yossi) Eagle, Esther Klein, and Avraham Lehrer are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under § 1983.

**C.     Leave to Replead**

Second Circuit precedent is clear that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). Because the nature and viability of Plaintiff's claims are not clear, the Court grants Plaintiff leave to replead within 30 days of the date of this order.

In the event that Plaintiff chooses to file an amended complaint, the Court strongly encourages him to ask for assistance from someone who can help him organize his thoughts and claims. If Plaintiff needs legal advice related to this matter, he may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to

4

this order. The amended complaint, if Plaintiff chooses to file one, should be sent to this Court's Pro Se Intake Unit.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. The amended complaint cannot be excessively long or complicated; and must be a short, plain, and concise statement of the elements of each claim for relief.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is further instructed to hold this matter open on the docket until a civil judgment is entered.

Plaintiff's complaint is dismissed for failure to state a claim for relief. The Court grants Plaintiff 30 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-9319 (PMH). An Amended Complaint form is attached to this order. If Plaintiff fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

SO ORDERED.

Dated: February 2, 2021
       New York, New York

_____
PHILIP M. HALPERN
United States District Judge