UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN KLEIN,

        Plaintiff,

-against-

SHLOMO KOENIG, et al.,

        Defendants.

**ORDER**

20-CV-09319 (PMH)

PHILIP M. HALPERN, United States District Judge:

On November 6, 2020, Plaintiff filed a Complaint alleging that Defendants violated his constitutional rights. (Doc. 1). On February 2, 2021, the Court issued an Order of Dismissal, which dismissed Plaintiff's Complaint for failure to state a claim without prejudice. (Doc. 7).

The Court granted Plaintiff leave to file an Amended Complaint within thirty days and noted that "[i]f Plaintiff fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of [the] Court to terminate this matter." (*Id*. at 6). The Court directed the Clerk of the Court to "mail a copy of [the Order of Dismissal] to Plaintiff and note service on the docket." (*Id*. at 5).

On March 31, 2021, the Court issued an Order noting that "[t]he docket does not reflect that Plaintiff was mailed a copy of the February 2, 2021 Order of Dismissal and the Court cannot otherwise ascertain whether the *pro se* Plaintiff received a copy of same." (Doc. 8). Accordingly, "the Court *sua sponte* extend[ed] Plaintiff's time to file an Amended Complaint . . . consistent with the standards set forth in the February 2, 2021 Order of Dismissal by 30 days." (*Id*. at 1). The March 31, 2021 Order further stated that "[i]f Plaintiff does not file an Amended Complaint by

May 3, 2021, the Court will direct the Clerk of [the] Court to terminate this action." (*Id*. at 1-2). Plaintiff has not yet filed an Amended Complaint.

Plaintiff filed a letter dated April 16, 2021, informing the Court that he "filed for Chapter 7 protection" and providing the relevant bankruptcy docket number. (Doc. 9). Plaintiff asserts that this "stays []his case." (*Id*.). Not so. The automatic stay is applicable to actions "proceeding *against* the debtor." 11 U.S.C. § 362(1) (emphasis added). Here, however, Plaintiff, i.e., the debtor, is pursuing claims against others.

Under Federal Rule of Civil Procedure 41(b), "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution . . . ." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *1-2 (S.D.N.Y. July 29, 2015) (dismissing *pro se* plaintiff's complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings to the court for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *1-2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* plaintiff's complaint for want of prosecution after the plaintiff failed to respond for six months).

Accordingly, it is hereby ordered that this action is dismissed without prejudice for want of prosecution pursuant to Rule 41(b). The Clerk of the Court is respectfully directed to terminate this action.

The Clerk of the Court is also respectfully directed to mail a copy of this Order, the February 2, 2021 Order (Doc. 7), and the March 31, 2021 Order (Doc. 8) to Plaintiff at the following address:

Benjamin Klein
PO Box 4905
Greenwich, CT 06831

                                                 **SO ORDERED:**

Dated:   White Plains, New York
             May 27, 2021

                                                 PHILIP M. HALPERN
                                               United States District Judge